NO. 07-05-0061-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL D



JUNE 21, 2005



______________________________




EDMOND WAITES, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 27TH DISTRICT COURT OF BELL COUNTY;



NO. 52925; HONORABLE MARTHA J. TRUDO, JUDGE



_______________________________



Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

MEMORANDUM OPINION


 Edmond Waites appeals his conviction for murder. The clerk's record was filed on
December 22, 2004, and the reporter's record was filed on February 22, 2005. Appellant's
brief was originally due on March 24, 2005. Appellant has requested and been granted two
extensions of time to file his brief, making the brief due May 25, 2005. On June 7, 2005,
this court notified counsel for appellant that neither the brief nor a request for an additional
extension of time to file appellant's brief had been filed. Counsel for appellant was also
admonished that if appellant's brief was not filed by June 17, 2005, the appeal would be
abated to the trial court. Tex. R. App. P. 38.8(b)(2). That date is past, and appellant has
neither filed a brief nor submitted a further motion for extension. 

 Accordingly, we abate the appeal and remand the cause to the 27th District Court
of Bell County (trial court) for further proceedings. Upon remand, the trial court shall
immediately cause notice of a hearing to be given and thereafter, conduct a hearing to
determine the following: 

 1. whether appellant desires to prosecute the appeal;


 whether appellant has been denied the effective assistance of counsel
due to appellate counsel's failure to timely file an appellate brief. See
Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35, 83 L. Ed.
2d 821, 828 (1985) (holding that indigent defendant is entitled to the
effective assistance of counsel on the first appeal as a matter of right
and that counsel must be available to assist in preparing and
submitting an appellate brief).



Tex. R. App. P. 38.8(b)(2).


 We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue this appeal and has been denied effective assistance of counsel, then we further
direct the court to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, fax number and state bar number of the new counsel who
will represent appellant on appeal must also be included in the court's findings of fact and
conclusions of law. Furthermore, the trial court shall also cause to be developed (1) a
supplemental clerk's record containing the findings of fact and conclusions of law and (2)
a supplemental reporter's record transcribing the evidence and argument presented at the
hearing. Tex. R. App. P. 38.8(b)(3). Additionally, the trial court shall cause the
supplemental clerk's record and the supplemental reporter's record to be filed with the clerk
of this court on or before July 22, 2005. Should additional time be needed to perform these
tasks, the trial court may request additional time before July 22, 2005.

 

 Per Curiam

Do not publish.



60;                                            Brian Quinn
                                                                          Chief Justice
Do not publish.